# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | Case No. 1:04CR00070 |
| v. | ) | **OPINION** |
| | ) | By: James P. Jones |
| **STEWART JUSTUS,** | ) | United States District Judge |
| Defendant. | ) | |

*Stewart Justus, Pro Se Defendant.*

Defendant Stewart Justus, previously convicted and sentenced by this court, has filed a pro se pleading that he styles as a "MOTION TO ENFORCE TERMS OF PLEA AGREEMENT." Specifically, Justus moves the court to enforce his Plea Agreement by ensuring that he receives appropriate credit against his concurrent federal sentence for time served on a state sentence. After review of Justus's submission, I construe it as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, which must be summarily dismissed.

Justus pleaded guilty pursuant to a written Plea Agreement to conspiracy to possess with intent to distribute and to distribute oxycodone and a related firearm offense. The Plea Agreement included a stipulation that Justus's federal convictions encompassed conduct for which he had also been convicted on state

charges and the government's promise to recommend a concurrent sentence. The Judgment, entered June 2, 2005, imposed a total sentence of 270 months in prison and stated that the federal sentences were to run concurrently with a state sentence entered against Justus on January 16, 2004, in the Circuit Court of Buchanan County, Virginia.

In his current motion, Justus asserts that the Federal Bureau of Prisons ("BOP") has given him only 64 days credit against the federal sentence for time served on his state sentence. Justus states that because the Virginia Department of Corrections ("VDOC") gave him 834 days of jail credit, the BOP should credit the same number of days against his federal sentence. Equating the BOP with the prosecutor, Justus argues that the jail credit problem constitutes a violation of the Plea Agreement. He demands one of two remedies: enforcement of the agreement to provide him with 770 days of additional credit for state time served or permission to withdraw his guilty plea.

I cannot find that either specific performance or withdrawal of the Plea Agreement is warranted by the circumstances. Justus received the benefit of the Plea Agreement at sentencing, when the prosecutor recommended and I imposed a concurrent sentence. Therefore, I must deny Justus's motion to the extent that it seeks these remedies.

Given the nature of the claims Justus raises, however, I construe his submission as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, and I will direct the Clerk to docket it as such.  The BOP, and not the court or the prosecutor, bears the responsibility for calculating terms of confinement for each federal defendant.  *See United States v. Wilson*, 503 U.S. 329, 331-33 (1992).  A § 2241 petition is the appropriate remedy by which to challenge the BOP's calculation of a federal criminal sentence.  *Id.* at 333-35.  Before pursuing a § 2241 petition seeking credit for time served, the inmate must first exhaust administrative remedies within the BOP.  *Id.*  After the final decision by the BOP, a dissatisfied prisoner may seek judicial review of that administrative action by filing a § 2241 petition in the district court with jurisdiction over the prison where the petitioner is confined.  *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).

Justus offers no indication that he has exhausted BOP administrative remedies regarding his claim for additional sentence credit.  Moreover, because Justus is currently confined at a BOP facility in North Carolina, his claim under § 2241 is not properly before this court. *See* 28 U.S.C. §  2241(a) (granting habeas authority to district courts "within their respective jurisdictions").  Because Justus does not demonstrate exhaustion of administrative remedies,[1] I do not find it to be

---

[1] From the records Justus provides with his petition, it appears that much of the jail credit he received toward his state sentence was for time served before that sentence, or the federal sentence, was imposed.

in the interest of justice to transfer of his petition to a district court in North Carolina.  Instead, I will summarily dismiss the petition without prejudice to the opportunity for Justus to refile his claim in the appropriate court once he has exhausted his available administrative remedies.  *See* Rules 1(b), 4, Rules Governing § 2254 Cases.

      A separate Final Order will be entered herewith.

                              DATED:   August 26, 2013

                              /s/  James P. Jones
                              United States District Judge